This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40882**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**BRIANNA T.,**

       Respondent-Appellant,

and

**MIGUEL G.,**

       Respondent,

**IN THE MATTER OF JULIANNA T.,**

       Child.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Michael A. Aragon, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Cravens Law LLC
Richard H. Cravens, IV
Albuquerque, NM

for Appellant

Carol Kirk Rodriguez
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}**     Appellant Brianna T. (Mother) appeals the termination of her parental rights. We previously issued a notice of proposed summary disposition in which we proposed to uphold the underlying decision. Mother has filed a memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}**     Mother continues to challenge the sufficiency of the evidence to support the termination of her parental rights. *See State ex rel. Child., Youth & Fams. Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 23, 128 N.M. 701, 997 P.2d 833 ("A person's parental rights shall be terminated upon a showing that her children have been neglected, and the causes of the neglect are unlikely to change in the foreseeable future despite reasonable efforts by the Department to assist the parent in adjusting the conditions that rendered her unable to properly care for her children."); *State ex rel. Child., Youth & Fams. Dep't v. Donna E.*, 2017-NMCA-088, ¶ 52, 406 P.3d 1033 ("The standard of proof for termination of parental rights is clear and convincing evidence."); *see also* NMSA 1978, § 32A-4-28(B)(2) (2005).

**{3}**     Mother first argues that the evidence was insufficient to show that the causes and conditions that led to Child's abuse and neglect were unlikely to change in the foreseeable future. Mother argues that the evidence showed that she was making progress and that, given enough time, she would have been able to make the necessary changes. [MIO 15-16] However, as outlined in the notice of proposed summary disposition, Mother made minimal progress in her treatment plan to address her substance abuse and mental health issues. Mother did not successfully complete either of the in-patient substance abuse treatment programs she was enrolled in, and she continued to submit positive drug tests. Additionally, Mother did not follow through on referrals for family services, parenting classes, and family therapy. [RP 272-274, 276] Mother also failed to complete treatment plan items such as obtaining stable housing and stable employment. [RP 277] *See Vanessa C.*, 2000-NMCA-025, ¶ 29 (finding clear and convincing evidence to support the finding that the causes and conditions of neglect would not change in the foreseeable future based on the mother's failure to comply with several key elements of her treatment plan).

**{4}**     Mother states that she obtained employment in August 2022, and that she obtained housing at the end of November 2022. [MIO 7] Mother also notes that she did

not submit a positive drug test after November 2022. [MIO 15, 18] We first note that the termination hearing occurred on August 18, 2022, and Mother's parental rights were terminated in an order dated November 14, 2022. As such, Mother's assertions regarding her housing and employment situation and her claim that she did not submit positive drug tests after November 2022 are not relevant and do not provide a basis for reversal of the district court. Additionally, on appeal, "the question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 (alteration, internal quotation marks, and citation omitted); *see also State ex rel. Child., Youth & Fams. Dep't v. Tammy S.*, 1999-NMCA-009, ¶ 13, 126 N.M. 664, 974 P.2d 158 ("This Court will uphold the termination if, viewing the evidence in the light most favorable to the judgment, a fact[-]finder could properly determine that the clear and convincing standard was met.").

{5}     Mother next argues that CYFD failed to meet its burden to show that it made reasonable efforts to assist her in alleviating the causes and conditions that rendered her unable to adequately parent her child. [MIO 16-18] We disagree. As described in the notice of proposed summary disposition, CYFD's permanency planning worker explained the treatment plan to Mother and made referrals for services, evaluations, and drug screens. [RP 276-277] However, Mother failed to complete in-patient treatment twice, continued to submit positive drug tests, and did not comply with other key aspects of her treatment plan. [RP 272-274, 276-277] Under these circumstances, we conclude that CYFD's efforts were reasonable, particularly in light of Mother's failure to meaningfully participate in the services that were provided to her. *See State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶¶ 23, 28, 132 N.M. 299, 47 P.3d 859 (explaining that "[w]hat constitutes reasonable effort may vary with a number of factors, such as the level of cooperation demonstrated by the parent," and that "our job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law").

{6}     Finally, Mother continues to argue that there was insufficient evidence to support the district court's determination that termination of her parental rights was in the best interests of Child. [MIO 20-21] We disagree. The evidence before the district court was that Child's behavior and emotional well-being had significantly improved since her placement with her maternal aunt a year earlier and that Child was thriving in her care. [RP 274-275] Under these circumstances, and in light of Mother's demonstrated continued inability to properly care for Child and her lack of meaningful engagement in the treatment plan, there was no error in the district court's conclusion that termination of Mother's parental rights was in Child's best interests. *See State ex rel. Child., Youth & Fams. Dep't v. Amy B.*, 2003-NMCA-017, ¶¶ 6, 18, 133 N.M. 136, 61 P.3d 845 (holding that the mother's continued substance abuse was one factor establishing that it was in the best interests of the child to terminate the mother's parental rights); *State ex rel. Child., Youth & Fams. Dep't v. B.J.*, 1997-NMCA-021, ¶ 20, 123 N.M. 99, 934 P.2d 293 (upholding a determination that termination would be in the best interests of the children where the mother had not demonstrated that she would be able to meet the

children's needs or provide a stable environment for them in the foreseeable future); *see also* § 32A-4-2(A) ("In proceedings to terminate parental rights, the court shall give primary consideration to the physical, mental and emotional welfare and needs of the child, including the likelihood of the child being adopted if parental rights are terminated).

**{7}** Accordingly, for the reasons stated in the notice of proposed summary disposition and herein, we affirm.

**{8}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**